

FILED

2018 JUN -6 PM 2:45

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**SCOTT LANCASTER,**

      Plaintiff,

vs.

      Case No. 3:18-cv-728-J-34MCR

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE & CASUALTY COMPANY,**

      Defendant.

_____/

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY'S PETITION FOR REMOVAL OF CAUSE TO THE U.S.
DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

Defendant, State Farm Mutual Automobile Insurance Company[1] [hereinafter "State Farm"], by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332,1441, and 1446, hereby submits its Petition for Removal and requests that the civil action known as **"Scott Lancaster, Plaintiff vs. State Farm Mutual Automobile Insurance Company, a foreign corporation, and State Farm Fire & Casualty Company, a foreign corporation, Defendants, which was filed as Case 16-2018-CA-2700 in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida,** be removed to the United States District Court, Middle District of Florida. In support thereof, the Defendant states:

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

_____

[1] Prior to the filing of this Petition, the Plaintiff voluntarily dismissed Count II of his Complaint against State Farm Fire & Casualty Company. As Such, State Farm Mutual Automobile Insurance Company is the only Defendant in this action.

2. On or about April 30, 2018, Plaintiff, Scott Lancaster, sued State Farm in a civil action now pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, Case Number 16-2018-CA-27000. On May 7, 2018, State Farm was served with a copy of the Summons and Complaint, copies of which are attached as Exhibit "1."

3. At all times material hereto, Defendant State Farm was and is an insurance company organized and incorporated pursuant to the laws of the State of Illinois and maintaining its principal place of business in Illinois. A corporation is a citizen of any state in which it is incorporated and where it has its principal place of business. See 28 U.S.C. §1332(c). As such, State Farm is a citizen of Illinois.

4. At the time the present action was commenced, Plaintiff, Scott Lancaster, was and remains a citizen of the State of Florida. See Compl. ¶ 2.

5. Complete diversity of citizenship exists between Plaintiff and Defendant.

6. The amount of damages being sought by the Plaintiff in this action is believed to be in excess of seventy-five thousand dollars ($75,000.00). The Plaintiff's Complaint seeks recovery of uninsured/underinsured motorist coverage benefits under a policy of automobile insurance issued by State Farm which provides underinsured motorist coverage with uninsured/underinsured coverage well in excess of $75,000.00.

7. The amount in controversy is further evidenced by the following:

   a. In correspondence dated March 9, 2018, counsel for the Plaintiff offered to settle the present claim for the policy limits of $1,000,000.00. A copy of the

Plaintiff's March 9, 2018, demand letter is attached hereto as Exhibit "2."

b.  The Plaintiff's settlement demand letter details that as a result of the accident, he "suffered significant injuries to his neck and back requiring him to follow a treatment regimen prescribed by [his] medical providers...." See Exhibit "2."

c.  The settlement demand letter also included copies of pertinent medical records, including a January 27, 2017, lumbar MRI report which revealed: 1) left far lateral extrusion at the L3-L4 disc with mass effect on left L3 nerve root; 2) postoperative changes at the L5-S1 disc; 3) midline extrusion at the L4-L5 disc without impingement on neural structures or spaces; and 4) small extrusion at the L4-L5 disc on the left. The Plaintiff's medical records reveal that following conservative physical therapy, the Plaintiff underwent more aggressive pain management treatment, including a lumbar epidural steroid injection on May 5, 2017. Several months later, on August 11, 2017, the Plaintiff underwent a surgical procedure on his low back as follows: 1) L5 laminectomy; 2) S1 laminectomy; 3) L5 bilateral foraminotomies; 4) S1 foraminotomies; and 5) L5-S1 microdiscetomy. A copy of the January 27, 2017, lumbar MRI report is attached hereto as Exhibit "3." A copy of the Peachtree Orthopedics procedure note for the lumbar epidural steroid injection dated May 5, 2017, is attached as Exhibit "4,"and a copy of the August 11, 2017, surgical note is attached hereto as Exhibit "5."

d. The March 9, 2018, letter goes on to detail $28,501.60 in past medical expenses, and provides medical bills received up to that date.

e. Since the March 9, 2018 letter, State Farm has obtained additional medical bills that the Plaintiff alleges to have incurred as a result of the subject accident. To date, the total amount of past medical expenses alleged to have been incurred by the Plaintiff is $50,532.59. A copy of the Plaintiff's medical bills provided by the Plaintiff to-date are attached hereto as Exhibit "6."

f. In addition to the alleged damages outlined above, the Plaintiff is also seeking damages for the "expense of hospitalization, medical and nursing care ..." for the Plaintiff's alleged permanent injuries, including future medical expenses. See Comp. ¶ 5.

g. In addition to the economic damages outlined in Plaintiff's settlement demand letter, Plaintiff has also claimed non-economic damages in the Complaint, including "pain and suffering," "mental anguish," and "loss of capacity for the enjoyment of life . . . ." See Compl. ¶ 5. Although no specific number has been demanded for this element of damages, Plaintiff's medical records indicate that the Plaintiff's injuries interfere or are aggravated by his activities of daily living. See the July 13, 2017, note from Coastal Orthopedics attached hereto as Exhibit "7."

8. When a plaintiff has not pled a specific amount of damages in the complaint, the defendant must prove by a preponderance of evidence that the amount in

controversy exceeds the jurisdictional amount of $75,000. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). Indeed, the Plaintiff did not plead a specific amount of damages in the Complaint; only the requisite jurisdictional amount for filing in state circuit court was pled.

9. "A settlement offer 'commonly reflect[s] puffing and posturing, and ... is entitled to little weight in measuring the preponderance of the evidence.'" Hernandez v. Burlington Coat Factory of Florida, LLC, 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015)(quoting Kilmer v. Stryker Corp., No. 14–CV–456, 2014 WL 5454385, at *4 (M.D.Fla. Oct.27, 2014)). "However, when a settlement offer is supported by documented medical bills and specific medical diagnoses, such information may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." Id. See also Scott v. Home Depot U.S.A., Inc., No. 11-CV-62426, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012); Mangano v. Garden Fresh Restaurant Corp., No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346 (M.D. Fla. Oct. 13, 2015). Thus, a court may consider a demand letter when determining whether the defendant has met the jurisdictional requirement. Pate v. State Farm Mut. Auto. Ins. Co., No. 3:10cv223/MCR/EMT, 2010 WL 3372195, at *2 (N.D. Fla. 2010). In addition, the Court may employ its "own judicial experience and common sense" in deciding whether the amount in controversy has been satisfied. Scott, 2012 WL 8686, at*3.

10. It follows that the Court may rely on damages not yet known, or future medical costs, when determining whether a litigant has established the amount in

controversy. In <u>Adkisson v. Wal-Mart Stores, Inc.</u>, No. SA-12-CV-893-XR, 2013 WL 4736850 (W.D. Tex. Sept. 3, 2013), the Court found that the defendant presented evidence as to the cost of future back surgery, and that cost, together with the past medical expenses, was sufficient to meet the amount in controversy requirement. <u>See</u> <u>also</u> <u>Guillory v. Chevron Stations, Inc.</u>, No. Civ. A. 03-2385, 2004 WL 1661201, at *2 (E.D. La. July 22, 2004) (granting motion to remand where there was no evidence as to the cost of future arthroscopic surgery); <u>Farley v. Variety Wholesalers, Inc.</u>, No. 5:13-CV-52(CAR), 2013 WL 1748608 (M.D. Ga. April 23, 2013) ("While the Court recognizes that these surgeries have yet to occur, it is reasonable to conclude, at the very least, that the recommendations certainly substantiate her claim for pain and suffering.").

11. Plaintiff's counsel has offered to settle this case for an amount that far exceeds the amount in controversy requirement of $75,000.00. In support of his settlement demand, Plaintiff has provided medical bills and records, which establish a firm number for the claimed past medical expenses of more than $50,000.00. The Plaintiff has likely undergone postoperative physical therapy or rehabilitation, and as explained in July 13, 2017, note, since the Plaintiff had a prior low back surgery, he will be a higher risk for "postoperative degeneration" and "very well may need a revision and / or stabilization procedure in the future." <u>See</u> Exhibit 7. Moreover, the Plaintiff will likely be able to establish a permanent injury under Florida law as a result of his August 11, 2017, surgery, which would entitled him to claim the non-economic damages plead in his Complaint. <u>See</u> Comp. ¶ 5. When the

Plaintiff's alleged damages are examined as a whole, the amount in controversy is well over $75,000.00.

12. This Notice of Removal is filed within thirty (30) days of receipt by State Farm of a copy of the initial pleading setting forth the claim for relief upon which the action is based, pursuant to 28 U.S.C. § 1446(b).

13. Pursuant to 28 U.S.C. §1446(a) and Rule 4.02(b) of the Local Rules of the United States District Court, Middle District of Florida, a copy of all process, pleadings, orders, and other papers or exhibits of every kind on file with the state court is filed herewith as Exhibit "8."

14. Venue is proper in the Jacksonville Division of this Court pursuant to Rule 1.02(b) of the Local Rules of the United States District Court, Middle District of Florida, as the state court action originated in Duval County, Florida.

WHEREFORE, Defendant respectfully requests that the state court action now pending be removed and proceed in this Court and that no further proceedings be held in the state court action

Respectfully submitted this 6th day of June, 2018.

**O'HARA LAW FIRM, P.A.**

J. Stephen O'Hara, Jr.
Florida Bar No. 243371
**Brian M. Guter**
Florida Bar No. 0113681
4811 Beach Boulevard, Suite 303
Jacksonville, FL  32207
Telephone (904) 346-3166
Facsimile (904) 346-5445
eService@oharalawfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to John Golding, Esquire, Maney & Gordon, P.A., 101 East Kennedy Boulevard, Suite 3170, Tampa, Florida 33602, via eservice at j.golding@maneygordon.com; c.faraone@maneygordon.com on this 6th day of June, 2018.

J. Stephen O'Hara, Jr.
Brian M. Guter